286/151

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:18-cv-08305 |
| ) | |
| The VILLAGE OF ISLAND LAKE, Illinois a ) | Honorable Harry D. Leinenweber |
| municipal corporation, ANTHONY SCIARRONE, ) | |
| and BILLY DICKERSON, ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

### DEFENDANT VILLAGE OF ISLAND LAKE'S MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 56(b) MOTION FOR SUMMARY JUDGMENT

DEFENDANT the VILLAGE OF ISLAND LAKE (hereinafter, "Island Lake"), by and through one of its attorneys DEBORAH ANNE OSTVIG of SCHAIN, BANKS, KENNY & SCHWARTZ, LTD., has filed its Rule 56(b) Motion for Summary Judgment and its Local Rule 56.1 Statement of Material Facts, with references to the record. Island Lake hereby submits this Memorandum in Support of its Motion for Summary Judgment, for the Court's consideration.

### INTRODUCTION

The record is devoid of any testimony that Plaintiff's report of Defendant Dickerson's alleged misconduct was done as a private citizen regarding a matter of public concern. Instead, the record establishes that Plaintiff was acting in an official capacity when he reported the alleged misconduct, rendering his First Amendment Retaliation claim moot. Likewise, Plaintiff's due process claims fail because, as a probationary employee, he had no property interest in continued employment at the Village of Island police department.

Moreover, Plaintiff's state law claims also fail. Plaintiff is unable to establish he made a disclosure under the Illinois Whistleblowers Act. Additionally, Plaintiff's common law

retaliatory discharge claim fails because Plaintiff has failed to establish any causal connection between his termination and his report of Defendant Dickerson's alleged misconduct. Lastly, because the Village of Island is absolutely immune under the Illinois Tort Immunity Act from any libelous or slanderous actions of its employees, it cannot be held liable for Defendant Dickerson's alleged slanderous statements to other police departments about Plaintiff. As such, this Court should grant Island Lake's motion for summary judgment and dismiss Counts I – V of Plaintiff's amended complaint with prejudice.

### *Summary Judgment*

Summary judgment is proper when the pleadings and evidence before the Court show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); *Celotex Corp., vs. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).

On a motion for summary judgment, it is incumbent upon the opponent to present some evidence to show that he has a case to take to the jury, and summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element necessary to that party's case, and in which the party will bear the burden of proof at trial". *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552-53 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position is not sufficient to successfully oppose summary judgment, and "there must be evidence on which the jury could reasonably find for the plaintiff". *Valentine v. Joliet Township High School,* 803 F.2d 981, 986 (7th Cir. 1986).

Material facts are facts that "might affect the outcome of the suit" under the applicable substantive law. *Lawrence v. Kenosha County,* 391 F.3d 837, 841-42 (7th Cir. 2004). The plaintiff must do more than simply "show that there is some metaphysical doubt as to the material

facts" and "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'". *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). While the court should not ignore any genuine issues of fact, nor should it "strain to find material fact issues where there are none". *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

## STATEMENT OF FACTS

Island Lake has filed its Local Rule 56.1 Statement of Undisputed Material Facts in support of its Motion for Summary Judgment. Those facts are briefly summarized as follows:

Plaintiff was originally hired as a part-time police officer at the Village of Island Lake and was subsequently hired as a full-time police officer on July 8, 2016. [L.R. 56.1 Statement of Material Facts, para. 1.] Plaintiff's probationary period was from July 8, 2016 to January 8, 2018. [L.R. 56.1 Statement of Material Facts, para. 2.] Beginning in approximately October 2016, Plaintiff observed what he believed to be a discrepancy between the time Defendant Dickerson worked and the time Defendant Dickerson was paid, i.e. Plaintiff believed that Defendant Dickerson was being paid for hours that he did not work. [L.R. 56.1 Statement of Material Facts, para. 3.] Although Plaintiff kept a journal recording Defendant Dickerson's alleged time discrepancies, he did not give the journal to any one and only told co-workers that he was keeping the journal. [L.R. 56.1 Statement of Material Facts, paras. 4 - 6.] After his termination from Island Lake, Plaintiff threw the journal away. [L.R. 56.1 Statement of Material Facts, para. 4.] Plaintiff made a complaint to Defendant Sciarrone about Defendant Dickerson's alleged time discrepancies. [L.R. 56.1 Statement of Material Facts, para. 7.] Plaintiff was the union vice president at the time he made the complaint to Defendant Sciarrone. [L.R. 56.1 Statement of Material Facts, para. 8.] Plaintiff also made what he categorized as "work environment"

complaints to his union representative; these complaints included his complaint about Defendant Dickerson's alleged time discrepancies. [L.R. 56.1 Statement of Material Facts, paras. 9.]

On December 8, 2017, Defendants Dickerson and Sciarrone were made aware of issues surrounding Plaintiff's testimony in a motion to suppress hearing. [L.R. 56.1 Statement of Material Facts, paras. 11 - 16.] Defendants Dickerson and Sciarrone investigated the incident. [L.R. 56.1 Statement of Material Facts, para. 17.] Their investigation of the December 8, 2017 incident, other performance issues and additional information regarding Plaintiff's tenure at Crystal Lake coming to light, resulted in Plaintiff's termination as a probationary full-time officer at the Village of Island Lake. [L.R. 56.1 Statement of Material Facts, paras. 18 - 24.]

## ARGUMENT

**I. Plaintiff's First Amendment retaliation claim fails because he cannot establish his report regarding Dickerson's alleged time discrepancies were a matter of public concern.**

The First Amendment, "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." *Olendzki v. Rossi*, 765 F.3d 742, 746 (7th Cir. 2014) *quoting Roth v. United States*, 354 U.S. 476, 484 (1957). Although public employees do not "renounce their First Amendment rights upon employment [,] the government's countervailing interest in controlling the operation of its workplace limits the First Amendment's liberal protection." *Olendzki ,*765 F.3d at 746 *quoting Lane v. Franks*, __US__, 134 S. Ct. 2369, 2377 (1968), internal quotations omitted. When reviewing a public employee's speech, the court must first determine whether the employee spoke as a citizen on a matter of public concern. *Olendzki,* 765 F.3d at 746. If the answer is no, the employee has no First Amendment cause of action based on his employer's reaction to the speech. *Id.* When a public employee makes a statement pursuant to his official duties, the employee is not speaking as a citizen for First

4

Amendment purposes, and the Constitution does not insulate his communications from employer discipline. *Olendzki ,*765 F.3d at 747 citing *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Such a distinction is vital in the First Amendment context because "while the First Amendment invests public employees with certain rights, it does not empower them to constitutionalize the employee grievance." *Id.* quoting *Garcetti*, 547 U.S. at 420. Whether a matter of public concern was involved, the court must consider the content, form, and context of Plaintiff's speech as revealed by the entire record. *Connick v. Myers*, 461 U.S. 138, 147–48, (1983). Speech that is not otherwise a public concern "does not attain that status because its subject matter could, in different circumstances, have been the topic of a communication to the public that might be of general interest." *Connick*, 461 U.S. at 148, n. 8.

Plaintiff utterly fails to establish that his reporting regarding Defendant Dickerson's alleged misconduct to Defendant Sciarrone and his union representative were made as a private citizen on a matter of public concern. Instead, the undisputed material facts establish that Plaintiff, in his dual capacity as a police officer of the Village of Island Lake and the vice president of the union, made a complaint to Defendant Sciarrone, the police chief at the time, about Defendant Dickerson' alleged misconduct. An officer, such as Plaintiff, making an internal complaint about another officer's misconduct is not, as matter of law, speaking as a private citizen about a public concern. Instead, it is axiomatic that part of a police officer's official duties, and for that matter, a union vice-president's duties, is to act when there appears to be police misconduct. *See Roake v. Forest Preserve District of Cook County*, 849 F.3d 342, 346 (7th Cir. 2017) ("A police officer's duty to report official police misconduct is a basic part of the job.")

Even if Plaintiff's statements were not made in his official capacity as a police officer or as union vice-president, Plaintiff fails to establish that Defendant Dickerson's time discrepancies

5

were a matter of public concern. When Plaintiff made his complaints, his intention was not to alert the public regarding Defendant Dickerson's alleged misconduct but to improve his working conditions. *Kubiak v. City of Chicago*, 810 F.3d 476, 482–84 (7th Cir. 2016) ("internal complaints intended to improve an employee's working conditions (as opposed to alerting the public) do not qualify as speech addressed at a matter of public concern.")

The undisputed material facts establish that when Plaintiff complained to his union representative regarding Defendant Dickerson's alleged misconduct, it was one complaint of many regarding the work environment at the Village of Island Lake police department. Importantly, Plaintiff stated his expectations after that conversation were not that his union representative would go to the public, but instead, Plaintiff anticipated that the union representative would take the concerns to the union, Defendant Sciarrone or the Village manager. [L.R. 56.1 Statement of Material Facts, para. 10.]

Moreover, Plaintiff never made public his reports regarding Defendant Dickerson's alleged misconduct, nor did he intend to do so. The undisputed material facts underscore that Plaintiff did not intend to make his concerns public. Plaintiff only told co-workers about the journal, did not give copies of the journal to anyone and, after his termination, threw the journal away. [L.R. 56.1 Statement of Material Facts, paras. 4 - 6.] It is axiomatic that a police officer who does not seek to inform the public regarding another police officer's alleged misconduct is not engaging in speech that is a matter of public concern. *See King v. Village of Gilberts,* 2002 WL 1559629 (N.D. Ill. July 16, 2002).

Because Plaintiff has failed to establish he was speaking as a private citizen on a matter of public concern, this Court should grant Defendant Island Lake's motion for summary judgment and dismiss Count I of Plaintiff's amended complaint with prejudice.

> II. **Plaintiff's due process claim fails as a matter of law because a probationary officer has no property interest in his continued employment.**

In order to benefit from protection of the Due Process Clause of the Fourteenth Amendment, a plaintiff must make an initial showing that he was deprived of a constitutionally protected interest of life, liberty or property. *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007). "[I]n any due process case where the deprivation of property is alleged, the threshold question is whether the protected property interest actually exists." *Cole v. Milwaukee Area Technical College Dist.*, 634 F.3d 901, 904 (7th Cir. 2011). Procedural due process protects a person's continued public employment only if that person has "a legitimate claim of entitlement" to that continued employment. *Cole*, 634 F.3d at 904 quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). State law, not the Constitution, must create the legitimate claim of entitlement to continued employment. *Cole,* 634 F.3d at 904 citing *Roth*, 408 U.S. at 577. As such, the terms of the public employee's employment determine whether a constitutionally protected property right exists. *Cole*, 634 F.3d at 904 citing *Roth*, 408 U.S. at 578.

Under Illinois state law, in order for a plaintiff to demonstrate a legitimate expectation of continued employment, he must point to a specific ordinance, state law, and/or contract limiting the ability of the state entity to discharge him. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). "[A]s a general rule, probationary police officers do not have property interests in their employment." *Lewis v. Harris*, 965 F. Supp. 1179, 1183 (C.D. Ill. 1997) (collecting Illinois cases); *see also Redd v. Nolan*, 663 F.3d 287, 296 (7th Cir. 2011) ("It is well-settled that probationary public employees do not possess a property interest in continued employment and thus have no right to procedural due process before their employment may be terminated."); *Vadala v. Civil Serv. Bd. of Metro. Sanitary Dist. of Greater Chicago*, 51 Ill.App.3d 23, 234 (1st Dist. 1977) ("[A] probationary employee may be discharged without a hearing. To hold that plaintiff is entitled to a

hearing would negate the purpose of the probationary period." (internal citations omitted.) It is undisputed that Plaintiff was a probationary officer at the time of his termination. Thus, Island Lake did not violate Plaintiff's procedural due process rights, because, as a matter of law, Plaintiff had no such due process right as a probationary public employee.

Moreover, Plaintiff does not have a substantive due process claim with regard to his employment at the Island Lake Police Department. Public "employment-related rights are not fundamental; an alleged wrongful termination of public employment is not actionable as a violation of substantive due process rights unless the employee also alleges defendants violated some other constitutional right or that state remedies were inadequate." *Palka v. Shelton*, 623 F.3d 477, 453 (7th Cir. 2010). Because Plaintiff has failed to establish a violation under the first amendment and has failed to establish a procedural due process right, any substantive due process right claim also fails. *See e.g.*, *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d, 937, 941 (7th Cir. 2003). Thus, based on the above, this Court should grant Defendant Island Lake's motion for summary judgment and dismiss Count II of Plaintiff's amended complaint with prejudice.

### III. Plaintiff's statements regarding Dickerson's alleged time discrepancies fail to trigger the Illinois Whistleblower Act.

Plaintiff's Illinois Whistleblower Act claim fails because Plaintiff failed to make a "disclosure" that would trigger any protections under the Act. In order to trigger the Illinois Whistleblower Act, there has to be a disclosure of violations of "state or federal law rule or regulation." Here, Plaintiff claims that he reported to Defendant Sciarrone and his Union representative Defendant Dickerson's alleged misconduct. Such a disclosure is insufficient to trigger any protection under the Illinois Whistleblower Act. *See e.g. Sweeny v. The City of Decatur*, 2017 IL App (4th), 79 N.E.3d 184, (4th Dist. 2017) (plaintiff's claims that another officer violated the police department's general orders, the official misconduct statute, and the State

Official and Employee Ethics Act were insufficient to trigger protections under the Illinois Whistleblower Act.)

Moreover, even if this Court determines the Illinois Whistleblower Act has been triggered, there is no cognizable evidence (outlined below) that Plaintiff was terminated based on his alleged disclosure to Defendant Sciarrone. As such, this Court should grant Defendants' Motion for Summary Judgment and Dismiss Count III of Plaintiff's amended complaint with prejudice.

### IV. Plaintiff fails to establish that his termination was in retaliation for his reporting of Dickerson's alleged misconduct.

To establish a claim for retaliatory discharge, a plaintiff must establish that (1) the employer discharged the plaintiff, (2) in retaliation for the plaintiff's protected activities, and (3) the discharge violates a clear mandate of public policy. *Fox v. Adams & Associates, Inc.*, 2020 IL App (1st) 182470, ¶ 62, 342, 166 N.E.3d 772 (1st Dist. 2020). The timing of the termination, by itself, is not enough to show retaliatory discharge. See *Marin v. American Meat Packing Co.*, 204 Ill.App.3d 302, 308 (1st Dist. 1990) (where the plaintiff filed an action alleging retaliatory discharge for filing a worker's compensation claim, court stated that the causality element requires more than a discharge in connection with the filing of the claim).

The record establishes that the impetus for Plaintiff's discharge were complaints by Jean Butler regarding his testimony during a motion to suppress hearing on December 8, 2017. As a result, Defendants Sciarrone and Dickerson opened an investigation which included speaking with the judge presiding at the hearing. Their discussions with Ms. Butler and the presiding judge, in concert with additional pertinent information regarding Plaintiff's employment at Crystal Lake and other work infractions, Defendant Sciarrone determined that Plaintiff was a liability to the police department and recommended his termination to the Board of Fire and Police Commissioners of the Village of Island Lake on December 20, 2017.

9

The Board of Fire and Police Commissioners' termination of an officer whose actions render him a liability to a small police department with limited manpower was not a retaliatory act done in violation of public policy, but instead was a decision that reflected business acuity. Moreover, any claims that Plaintiff's termination is causally connected to reporting Defendant Dickerson's alleged misconduct is not supported by the record as Plaintiff's termination occurred over a year after making his complaints regarding Defendant Dickerson. *See e.g. Lamas v. Freeman Decorating Co.*, 81 F.Supp.2d 887, 889 (N.D.Ill.1999)( given the one-year interval between the filing of the complaint and the plaintiff's discharge, the complaint standing alone was insufficient to create the inference of a retaliatory motive.) Thus, this Court should grant Defendants' Motion for Summary Judgment and Dismiss Count IV of Plaintiff's amended complaint with prejudice.

**V.    Defendant Island Lake is immune under the Illinois Tort Immunity Act from any alleged defamation perpetrated by Defendant Dickerson.**

Defendant Village of Island Lake is a unit of local government, a "local public entity" as defined by Section 1-206 of the Tort Immunity Act (745 ILCS 10/1-206) and is thereby subject to the Tort Immunity Act. At all relevant times, as an employee and police officer for Defendant Village of Island Lake, Defendant Billy Dickerson was a "public employee" as defined by Section 1-207 of the Tort Immunity Act (745 ILCS 10/1-207). Section 1-207 states in pertinent part:

> A local public entity **is not liable** for injury caused by **any action of its employees that is libelous or slanderous** or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material.

745 ILCS 10/1-207. (emphasis added.)

Plaintiff pleads in his amended complaint that Defendant Dickerson "made false and defamatory statements regarding Plaintiff's fitness to serve as a police officer to a least one other

10

police department where Plaintiff applied for employment after Plaintiff was fired." [L.R. 56.1 Statement of Material Facts, para 25.] Whether Defendant Dickerson made the statements or not is immaterial to Island Lake's liability in this matter. Under Section 1-207, Island Lake is absolutely immune from any alleged slander perpetrated by Defendant Dickerson. Thus, Island Lake cannot be held liable for any alleged slanderous statements made by Defendant Dickerson. As such, this Court should grant Defendants' Motion for Summary Judgment and Dismiss Count V of Plaintiff's amended complaint with prejudice.

        Respectfully submitted,

        VILLAGE OF ISLAND LAKE

    By:    s/Deborah A. Ostvig
           One of Their Attorneys

Michael E. Kujawa, ARDC# 6244621
Deborah A. Ostvig, ARDC# 6287031
Schain, Banks, Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5300
Chicago, Illinois 60602
Phone: (312) 345-5700
Fax: (312) 345-5701
mkujawa@schainbanks.com
dostvig@schainbanks.com
K:\151 - Marshall\Pleadings\MSJ\Def Island Lake's Memo ISO of MSJ - 09-27-2021.docx