IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSHUA MARSHALLL,

                Plaintiff,

     v.

The VILLAGE OF ISLAND LAKE,        Case No. 18 C 8305
ILLINOIS, a Municipal
Corporation; ANTHONY              Judge Harry D. Leinenweber
SCIARRONE; and BILLY
DICKERSON

             Defendants.

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

On September 28, 2022, the Court granted Defendant's Motion for Summary Judgment (Dkt. No. 93). Plaintiff has now moved for reconsideration under FED. R. CIV. P. 59(e) (Dkt. No. 95). The Court denies the Motion.

### II.   LEGAL STANDARD

The Court can grant a Rule 59(e) motion if the movant establishes that the court committed manifest error of law or fact, or if the movant presents newly discovered evidence that could not have been discovered at the time of trial. *Barrington Music Prods., Inc. v. Music & Arts Ctr.,* 924 F.3d 966, 968 (7th Cir. 2019). Rule 59(e) is not a vehicle to introduce new arguments that could have

been made prior to the entry of judgment. *Bordelon v. Chi. Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000).

### III.  ANALYSIS

#### A.  First Amendment Retaliation

At issue here are concerns Plaintiff raised first with his police chief and then with his union representative about his supervisor's time theft at the Village of Island Lake Police Department. Plaintiff argues this Court erred as a matter of fact and a matter of law in its finding that Plaintiff did not raise these concerns as a private citizen for purposes of a First Amendment retaliation claim.

#### 1.  *Statements Made to Police Chief*

Plaintiff claims to have made one protected statement to his police chief: "Dickerson was committing time theft, [and] the other officers were not happy about it." (Dkt. No. 87 at ¶ 7.) Plaintiff claims the Court erred in finding that Plaintiff made this statement in his official police officer capacity as opposed to his union vice president capacity. Yet Plaintiff failed to argue that he made this in his union capacity in his opposition to motion to dismiss and summary judgment briefs. Thus, this is an improper basis for relief under Rule 59(e). *See Bordelon*, *supra,* 233 F.3d at 529.

Regardless, the argument fails. Speech made pursuant to an employee's official duties is not considered speech made by a private citizen. *Garcetti v. Ceballos,* 547 U.S. 410, 421–22 (2006). Post *Garcetti,* the Seventh Circuit avoids an overly narrow concept of "official duties" when assessing First Amendment retaliation claims. This is true particularly with respect to police departments where officers' broad duties to protect the public comprise in part their duties to monitor other officer misconduct. *See Kubiak v. City of Chicago,* 810 F.3d 476, 481–82 (7th Cir. 2016) (rejecting an "overly narrow" description of police job duties and concluding that officer's reports of misconduct fell within officer's broad duties to protect public from harm). *See also Spiegla v. Hull,* 481 F.3d 961, 965–67 (7th Cir. 2007); *Vose v. Kliment,* 506 F.3d 565, 570–71 (7th Cir. 2007). It is therefore unsurprising that Plaintiff cites no case where an officer's complaints about other officer misconduct made up the chain of command were made in the officer's union capacity, particularly when the speech makes no mention of the union. Nor does Plaintiff's reference to "other officers" salvage the statement as Plaintiff contests, given that employees often report misconduct to improve working conditions on behalf of other coworkers.

Plaintiff contends this Court ignored other facts that show Plaintiff complained to the police chief in his capacity as union

vice president — that Defendant Dickerson told Plaintiff he "rubbed his nose in this union shit" within days of Plaintiff's complaint to his police chief, and that Defendants Sciarrone and Dickerson suggested Plaintiff step down from his union position. (Dkt. No. 96 at 3, 5.) These post-hoc facts do not convert *Plaintiff's* statement into one made in his capacity as union vice president.

Plaintiff further argues this Court erred as a matter of law in focusing solely on Plaintiff's union status, as opposed to whether Plaintiff's internal complaints to his police chief nevertheless constituted private speech under controlling precedent *Garcetti*. Far from ignored, *Garcetti* was central to this Court's decision to dismiss this same claim in Plaintiff's original complaint. As detailed above and as this Court reiterated on summary judgment, the Court determined on Defendant's motion to dismiss that under *Garcetti* and its progeny, Plaintiff's complaint to his supervisor was made pursuant to his official duties and therefore denied it First Amendment protection. (Dkt. No. 34 at 5-9.) *Kennedy v. Bremerton School Dist.,* cited by Plaintiff, does not help his position. Plaintiff's internal complaints concerning his supervisor's time theft are not comparable to a football coach's religious prayer. *Kennedy,* 142 S.Ct. 2407, 2411 (2022).

Nor does Plaintiff's attempt to characterize his complaints as made in his "whistleblower" capacity save his argument, as this

would effectively make every internal workplace complaint private speech. *See Ulrey v. Reichhart,* 941 F. 3d 255, 259 (7th Cir. 2019) (since *Garcetti*, the Seventh Circuit has "repeatedly rejected [plaintiffs'] claims for a whistleblower carve-out from the category of unprotected employee speech.")

## 2. Statements Made to Union Representative

Plaintiff devotes a cursory sentence in his summary judgment opposition brief to arguing that that he complained about his supervisor's time theft "in [his] capacity as Union Vice President, to his union representative," with no additional support. (Dkt. No. 84 at 2.) Nevertheless, Plaintiff takes issue with the Court's opinion that Plaintiff failed to argue or present evidence in support of this argument.

Even assuming, *arguendo,* that Plaintiff had provided sufficient evidence that he complained to his union representative in his union capacity, this speech would nevertheless fail on the next inquiry laid out by the Supreme Court in *Garcetti* — whether the speech addresses a matter of public concern. Whether a statement rises to the level of public concern requires an analysis of the precise "content, form, and context" of the statement. *Connick v. Myers,* 461 U.S. 138, 147-48 (1983). Content is the most important factor in this analysis. *See Kristofek v. Village of Orland Hills,* 712 F.3d 979, 984 (7th Cir. 2013). Plaintiff has

provided the Court with no specifics regarding what Plaintiff said to his union representative and the record likewise leaves us wondering. At his deposition, Plaintiff recalled only the topic of the conversation — his supervisor's time theft and the no confidence vote — and not what was said or when. (Marshall Dep. Tr. at 149-52, Defs. Facts, Ex. A, Dkt. No. 77-1.) While complaints of police time theft may encompass concerns of government waste and touch on matters of public concern, the Seventh Circuit has found that subject matter alone, without specific statements, does not lend constitutional protection. *Nagle v. Village of Calumet Park,* 554 F.3d 1106, 1123-24 (7th Cir. 2009) (police officer's speech did not touch on matters of public concern because plaintiff was only able to identify subject matter at union meeting); *see also Olendzki v. Rossi,* 765 F.3d 742, 748-49 (7th Cir. 2014) (without "identification of [plaintiff's] precise statements," unable to determine whether statements addressed matters of public concern).

The speaker's objective is also relevant to the speech's content, form, and context. Whether the speech addresses a matter of public concern depends in part on whether the speaker's motive was to "bring wrongdoing to light." *See Kristofek,* 712 F.3d at 985-86; *Kubiak,* 810 F.3d at 483. Here, Plaintiff explained during his deposition that problems in his "working environment" and

"working conditions" motivated his complaints to the union representative and not, for example, problems with government waste resulting from time theft. (Marshall Dep. Tr. 150:1-5, 154:6-11, Defs. Facts, Ex. A, Dkt. No. 77-1.) *Cf. Hopfinger v. Fletcher,* No. 3:18-cv-1523-NJR 2021 U.S. Dist. LEXIS 61525, at *21-21 (S.D. Ill. Mar. 31, 2021) (lack of evidence of plaintiff's motivation to improve her own work environment suggested, among other reasons, that plaintiff's speech was protected). It is true an employee's speech may be protected if the speaker's motives were mixed, including a desire to help the public. However, Plaintiff failed to provide evidence that would convince a trier of fact that his conversation with his union representative amounted to anything more than repetitions of complaints Plaintiff first made to his police chief to improve his work environment. *See Bryant v. Gardner,* 587 F.Supp.2d 951, 962 (N.D. Ill. 2008) (repeating complaints to union delegate after complaining to supervisor does not mean Plaintiff spoke as private citizen).

Plaintiff further claims this Court erred in failing to engage in the balancing test under *Pickering*. As laid out in *Garcetti,* it is only after finding that an employee spoke as a citizen, on a matter of public concern, that courts assess the balancing of competing interests surrounding the speech and consequences

pursuant to *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568 (1968). *Garcetti,* 547 U.S. at 423.

Plaintiff's claims that this Court erred in fact and in law boil down to disagreement with this Court's application of the law to the facts on the record. Accordingly, Plaintiff fails to satisfy the standard under Rule 59(e).

### B.  State Law Claims

Plaintiff argues this Court erred in remanding Plaintiff's outstanding state law claims to the Circuit Court of Cook County instead of to Lake County. However, remand was not the appropriate remedy, as Defendants raise in their brief. Rather, when a federal district court dismisses federal law claims that originated in federal court such that only the state law claims remain, the usual practice is to relinquish supplemental jurisdiction by dismissing the state law claims without prejudice. *Levin v. Commerce Energy, Inc.,* 560 U.S. 413, 428 (2010); *see also Fields v. Wharrie,* 672 F.3d 505, 518–19 (7th Cir. 2012).

As such, the Court amends its order to dismiss Plaintiff's remaining state law claims without prejudice.

### III.  <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's Motion for Reconsideration (Dkt. No. 95) is denied, and the state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

_____
     Harry D. Leinenweber, Judge
     United States District Court

Dated: 5/17/2023

- 9 -